UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**JOE TAYLOR, JR.** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 5:16CV-P27-GNS**

**CENTER POINT RECOVERY FOR MEN** *et al*. **DEFENDANTS**

**MEMORANDUM OPINION**

When Plaintiff initially filed this action he was incarcerated. He requested and was allowed to proceed *in forma pauperis* (DN 10). However, Plaintiff subsequently filed a notice of change of address (DN 12) to what appeared to be a residential address. Thus, on May 18, 2016, the Court ordered (DN 14) Plaintiff to either pay the $350.00 balance of the filing fee to the Clerk of Court or file a non-prisoner application to proceed without prepayment of fees within 30 days of entry of the Order. The Order warned Plaintiff that his failure to comply would result in dismissal of this action.

Over 30 days passed since the entry of that Order, and Plaintiff neither paid the balance of the filing fee nor filed a non-prisoner application to proceed without prepayment of fees. Instead, Plaintiff filed a motion for an extension of time so that he could obtain counsel and amend the complaint (DN 16). In that motion, Plaintiff did not address the filing-fee issue. In the event Plaintiff wrongly assumed that the filing of the motion for an extension of time to obtain counsel relieved him of his obligation to either pay the filing fee or file a non-prisoner application to proceed without prepayment of fees, the Court entered an Order on July 13, 2016, giving Plaintiff one last chance to comply (DN 17). Again the Court warned Plaintiff that his failure to comply with the Order would result in dismissal of this action.

In response to the July 13, 2016, Order, Plaintiff filed a non-prisoner application to proceed without prepayment of fees (DN 19). The application failed to contain sufficient financial information for the Court to make a determination as to whether Plaintiff is entitled to proceed without prepayment of the filing fee. Thus, on September 14, 2016, the Court entered an Order denying the motion to proceed without prepayment of fees (DN 21). The Order denying the motion ordered Plaintiff to either pay the $350.00 balance of the filing fee for this action or file a fully completed non-prisoner application to proceed without prepayment of the filing fee. Plaintiff was given 30 days to comply with the Order. The Order warned Plaintiff that his failure to comply with the Order would result in dismissal of this action. Over 30 days have passed since the entry of the September 14, 2016, Order, and a review of the record in this case reveals that Plaintiff has not complied with the Order or otherwise responded.

Also on September 14, 2016, the Court entered another Order ordering Plaintiff to file an amended complaint within 30 days of entry of the Order (DN 22). This Order was an attempt to clarify the confusion as to why Plaintiff filed eight additional summonses for people not named in the complaint. Over 30 days have passed since the entry of that Order, and a review of the record in this case reveals that Plaintiff has not filed an amended complaint or otherwise responded to that Order.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *Id.* at 110. "As this court has noted, the lenient treatment generally accorded to pro se

litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d at 110). "Further, the United States Supreme Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case sua sponte for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

Because Plaintiff has failed to comply with straightforward Orders of this Court (DNs 21 & 22) or take any action in response to the Court's Orders, the Court concludes that Plaintiff has abandoned any interest in prosecuting this action. Therefore, the Court will dismiss the action by separate Order.

Date: November 15, 2016

                                                **Greg N. Stivers, Judge**
                                                **United States District Court**

cc: Plaintiff, *pro se*
     Defendants
4416.003